NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN, | No. 22-36005 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05519-BJR |
| v. | |
| T ST GERMAIN, LPN4, Stafford Creek Corrections Center; ERIN LYSTAD, PA, Stafford Creek Corrections Center; DENNIS DAHANE, Grievance Coordinator, Stafford Creek Corrections Center, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted July 8, 2024**

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Plaintiff Joseph Ewalan, a Washington state inmate, appeals from the district

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's grant of summary judgment in favor of the defendants in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the grant of summary judgment de novo. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). We affirm.

Summary judgment was proper for the defendants on plaintiff's claims alleging deliberate indifference to his fractured finger. Undisputed evidence in the record, including plaintiff's testimony, established that defendant St. Germain was not the nurse who examined plaintiff's finger on the day of the injury. None of the defendants acted with deliberate indifference. Rather, they treated plaintiff's injured finger and provided pain medication. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (deliberate indifference does not exist if prison officials "responded reasonably to the risk."). Contrary to plaintiff's assertion, defendant Lystad followed the specialist's recommendations and scheduled a follow-up appointment. Plaintiff's medical kites were addressed by medical staff. Any further injury to plaintiff's finger was caused by plaintiff, who removed the splint after having been told to leave it on until it was removed by medical staff, and then refused the scheduled follow-up appointment.

Summary judgment was proper for defendant Dahne on the claim alleging deficiencies in the grievance process because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v.*

2

*Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Appellant's motion requesting the status of his case (Dkt. Entry No. 22) is DENIED as moot.

**AFFIRMED.**